ORIGINAL

FILED

12/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0486

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 20-0486

MARK McLEAN THOMPSON,

Petitioner,

v.

FIRST JUDICIAL DISTRICT COURT, Lewis and
Clark County, the Honorable Mike Menahan,
Presiding Judge,

Respondent.

FILED

DEC 15 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Mark McLean Thompson asks this Court to exercise supervisory control over the First Judicial District in Lewis and Clark County Cause No. ADC-2019-561. Thompson requests that we reverse the District Court's Order denying his motion for *in camera* review of J. Doe's medical records. The State of Montana and Doe filed responses objecting to Thompson's petition.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). This Court is reluctant to exercise supervisory control. *Potter v. Dist. Court of the Sixteenth Judicial Dist.*, 266 Mont. 384, 388, 850 P.2d 1319, 1322 (1994).

Thompson moved the District Court to compel Doe's disclosure of her medical records for an *in camera* review. Thompson based his motion on § 46-15-322(5), MCA, which provides:

Upon motion showing that the defendant has substantial need in the preparation of the case for additional material or information not otherwise provided for and that the defendant is unable, without undue hardship, to obtain the substantial equivalent by other means, the court, in its discretion, may order any person to make it available to the defendant.

The State has provided Thompson the results of Doe's medical examination from the day of the incident in question. The examination revealed the presence of prescription medications and alcohol in Doe's system and indicated that Doe suffers from post-traumatic stress disorder (PTSD) due to an unrelated prior abuse.

Thompson represents that he has retained Dr. William Stratford as an expert physician who may testify that victims suffering from PTSD may perceive events that are actually benign as "threatening, forceful, non-consensual or otherwise harmful." Thompson represents that Dr. Stratford may also testify that "this dynamic is substantially exacerbated when mind-altering drugs are combined with significant alcohol use." Thompson asserts that he needs Doe's medical records so Dr. Stratford can evaluate Doe's medical history and determine whether her prior trauma, combined with alcohol and prescription drug use, affected her ability to perceive and recollect the incident in question.

The District Court denied the motion on the grounds that Thompson had not demonstrated a substantial need for the requested records because he has access to other substantially equivalent information with which to mount a defense. The District Court noted that since Thompson has already received records from the day of the incident, "Thompson will have the ability to question [Doe], the medical providers and law enforcement officers to determine her ability to 'accurately perceive and recall the events during the incident in question.'" The District Court concluded that "[m]ere speculation that the records may lead to exculpatory evidence is insufficient to justify his request" for *in camera* review.

Thompson asserts supervisory control is appropriate because the District Court committed a mistake of law by denying his motion. Thompson argues the District Court is required to conduct an *in camera* review of the requested records in order to balance

2

Thompson's right to receive exculpatory evidence against Doe's constitutional right to privacy in medical information.

The parties do not dispute that Doe's medical records "are quintessentially 'private' and deserve the utmost constitutional protection." *State v. Nelson*, 283 Mont. 231, 242, 941 P.2d 441, 448 (1997). An *in camera* review is the necessary and proper means to balance an accused's due process rights with other compelling interests, including privacy rights of third parties. *City of Bozeman v. McCarthy*, 2019 MT 209, ¶14, 397 Mont. 134, 447 P.3d 1048. But before there is even a basis for the court to conduct a balancing test via *in camera* review, Thompson must first show a substantial need for the records. In this case, the District Court found that Thompson had not made that showing because of the records he already had from the day of the incident which documented Doe's prior trauma and the prescription drugs and alcohol which were in her system at that time, which provided him the basis to question Doe, the medical providers, and law enforcement to assess her ability to accurately perceive and recall the events during the incident in question.

We are not convinced the District Court is proceeding under a mistake of law. Absent a threshold showing of substantial need, the District Court is not required to conduct an *in camera* review. Since the District Court did not proceed under a mistake of law by denying Thompson's motion, supervisory control is not appropriate in this case.

Therefore,

IT IS ORDERED that the petition for a writ of supervisory control is DENIED.

The Clerk is directed to provide notice of this Order to all counsel of record in Lewis and Clark County Cause No. ADC-2019-561 and to the Honorable Mike Menahan, presiding.

Dated this __15__ day of December, 2020.

_____
Chief Justice

3

_____

_____

_____

_____

Justices

4